UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JANIA NEW, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 14-202-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CAROLYN COLVIN, Acting | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

    Jania New brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied her application for supplemental security income. [R. 1]. For the reasons set forth below, the Court will deny New's Motion for Summary Judgment [R. 11] and grant the Commissioner's [R. 12].

**I**

    Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation ("R&R") containing his proposed findings and recommendations regarding the parties' cross-motions for summary judgment. [R. 14.] Magistrate Judge Atkins filed his R&R [R. 15] on August 25, 2015. As is her right, New timely objected to this recommended disposition [R. 16], and the Commissioner responded [R. 17]. This Court must now make a *de novo* determination of those specific portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1).

## II

As an initial matter, objections to an R&R must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson,* 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater,* 121 F.3d 709, 1997 WL 415309 at *2 (6th Cir.1997)). A general objection that does not identify a specific concern with the R&R is not permitted because it renders the Magistrates recommendations useless, duplicates the Magistrate's efforts, and wastes judicial economy. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir.1991).

New's objection herein is singular and specific. She contends that the ALJ erred by failing to properly consider whether medical evidence confirmed the severity of her pain. Specifically, New argues the ALJ misapplied the test laid out in *Duncan v. Secretary of Health & Human Services*, 801 F.2d 847 (6th Cir. 1986)*,* by failing to consider Dr. Rick Pellant's assessment that New's spinal stenosis could be the source of her pain. The Court has reviewed the ALJ's decision and finds no error.

## A

In *Duncan,* the Sixth Circuit set out a two-part test for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d at 853. If the claimant establishes one of those requirements, the SSA regulations direct the ALJ to consider various factors in evaluating the claimant's subjective statements about

the intensity and persistence of pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(a), (c)(2)-(3), 416.929(c); *Felisky v. Bowen,* 35 F.3d 1027, 1039–40 (6th Cir.1994) (listing factors to consider include the claimant's daily activities; location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken to alleviate the pain; treatment other than medication the claimant has received for pain; and any other measures the claimant uses to relieve the pain). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones,* 336 F.3d 469, 475–76 (6th Cir.2003) (citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997)). Importantly, it is within the province of the ALJ, rather than the reviewing court, to evaluate the claimant's credibility. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir.2007); *see also Walters,* 127 F.3d at 531.

**B**

First, the ALJ concluded that "there [was] objective medical evidence of an underlying medical condition." 801 F.2d at 853. Specifically, the ALJ recognized that New suffered from "lower back pain," which he referred to at other parts in his decision more specifically as "degenerative disc disease of the lumbar spine." [R. 21; R. 27.] While the Court is not necessarily convinced that this is New's complaint, the Government seems to believe that New objects to the terminology that the ALJ used in describing her underlying medical condition. *See* R. 17 at 1. To the extent that this is New's objection (that the ALJ did not refer to her condition as "spinal stenosis") she asks the Court to consider form over substance. While the ALJ did not use the words "spinal stenosis" in describing her condition, he both considered the spinal stenosis diagnoses in his decision and, as noted by the Government, proceeded to evaluate her

3

complaints of pain and functional limitations related to her low back pain. [R. 12 at 4.] As such, what words were used in referring to her underlying medical condition are really irrelevant.

Next, the ALJ considered "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." 801 F.2d at 853. According to New, "the ALJ erred because he did not consider the first criteria—whether medical evidence confirmed the severity of the pain." [R. 11-1 at 3.] New is wrong to think that the ALJ had to consider both parts because, "these two parts are alternatives; [New] only has to meet one of the two elements." *Felisky*, 35 F.3d at 1039; *see also Sharp v. Sec'y of Health & Human Servs.*, 9 F.3d 109 (6th Cir. 1993) (prongs are alternative); *Gentry v. Sec'y of Health & Human Servs.,* 916 F.2d 712 (6th Cir. 1990) (same). As acknowledged by New, the ALJ concluded that she satisfied the second prong, finding that her "medically determinable impairments could be expected to cause the alleged symptoms." [R. 11-1 at 3; Tr. 27 (emphasis added).]

As is consistent with the regulations, the ALJ then went on to evaluate whether New's subjective statements about the intensity and persistence of her pain and symptoms were, in fact, consistent with her impairment. *See* 20 C.F.R. §§ 404.1529(a), (c)(2)-(3), 416.929(c). The ALJ concluded New's subjective complaints were not fully credible to the extent that they were inconsistent with his residual functional capacity. [Tr. 27.] In a very thorough decision, the ALJ explained his rationale. According to the ALJ, the medical evidence failed to "fully support the claimant's allegations of limitations due to back pain." [Tr. 27.] He addressed an April 2011 MRI that showed, amongst other things, "mild spinal and mild bilateral neuroforaminal stenosis." [Tr. 27 (citing Ex. 12F).] He considered a June 2011 consultative examination with

4

Dr. Nold, and also discussed New's relatively successful management of her pain with medication. [Tr. 28.] The ALJ further considered a September 2012 examination, where Dr. Pellant "assessed that the claimant had chronic pain syndrome, low back pain, lumbar facet arthropathy, and lumbar spinal stenosis." [Tr. 28.] While the ALJ did not refer to the MRI supporting Dr. Pellant's assessment at this particular point in his decision, he had discussed that MRI specifically earlier in his decision, explaining that "[w]hile the MRI showed some evidence of spinal stenosis, [the] medical record revealed other evidence showing that the claimanat functioned above the level of the listing." [Tr. 23.] The ALJ then provided the following specific reasons why Dr. Pellant's findings were "indicative of less limitations than the claimant alleged":

> For example, Dr. Pellant found no asymmetry or atrophy in the spine. Dr. Pellant noted that the claimant's range of motion with flexion, extension, lateral flexion, and rotation appeared within functional limits. Seated straight leg raise testing was negative. The claimant was able to rise form a seated to standing position without difficulty and could perform a regular tandem reciprocating gait. Overall, Dr. Pellant opined that the claimant's neuromusuloskeletal examination was intact with no progressive neurological deficit.

[Tr. 28-29 (citing Ex. 32F.)] Accordingly, the ALJ concluded that New's complaints about the intensity and persistence of her low back pain (including spinal stenosis) were not fully credible, and that New could perform a range of light work. [Tr. 29.]

### III

Contrary to New's objection, the ALJ did not err in his application of *Duncan*, but even if he had erred, any error would be harmless as he went on to consider whether New's subjective statements about the intensity and persistence of her pain and symptoms were, in fact, consistent with the evidence supporting her impairment. As earlier noted, evaluating the claimant's credibility is within the province of the ALJ, rather than the reviewing court. *Rogers v. Comm'r*

5

*of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir.2007); *see also Walters.*

Thus, after reviewing the record, the Court finds that the ALJ's decision finding New not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Objections to the Magistrate's Report and Recommendation [**R. 16**] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [**R. 15**] is **ADOPTED** as and for the opinion of this Court;

3. The Plaintiff's Motion for Summary Judgment [**R. 11**] is **DENIED**;

4. The Commissioner's Motion for Summary Judgment [**R. 12**] is **GRANTED**; and

5. **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This 29th day of September, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge